## CIRCUIT COURT OF CHESTERFIELD COUNTY

David Alan Milby

v.

Lisa Rene Milby

October 6, 1992

Case No. CH92–462

By Judge Herbert C. Gill, Jr.

The parties were before the Court on September 30, 1992, upon plaintiff's notice for entry of a final decree of divorce. At that time, counsel argued the validity of the parties' Separation Agreement dated September 6, 1991.

Defendant alleges that the Separation Agreement is unconscionable. To avoid a contract because it was unconscionable or was obtained by constructive fraud or duress, the one contesting the contract must prove the allegations by clear and convincing evidence. *Derby v. Derby*, 8 Va. App. 19 (1989). "The law presumes that every adult who executes an agreement is mentally competent to enter into a contract." *Drewry v. Drewry*, 8 Va. App. 460, 467 (1989).

The Court has reviewed the evidence submitted, including plaintiff's and defendant's deposition of May 11, 1992. Plaintiff testified that he procured the services of an attorney in drafting the Separation Agreement. Subsequent to his signing the agreement at his attorney's office on September 6, 1991, plaintiff delivered the agreement to the defendant at her place of employment. Plaintiff testified that defendant is a teller at Call Federal Credit Union.

Defendant testified that she received the agreement during the afternoon of September 9, 1991. Defendant testified that she read the agreement before signing it. Defendant testified that she has a high school education and that during the marriage she handled the banking and financial records of the marriage. Defendant returned the

signed agreement to plaintiff during the evening of September 9, 1991.

"[M]arital property settlements entered into by competent parties upon valid consideration for lawful purposes are favored in the law and such will be enforced unless their illegality is clear and certain." *Cooley v. Cooley*, 220 Va. 749, 752 (1980). Any issue of unconscionability of a premarital agreement shall be decided by the Court as a matter of law. Recitations in the agreement shall create a prima facie presumption that they are factually correct. Section 20–151(B).

The Court has reviewed the provisions of the Separation Agreement and is of the opinion that the same are lawful and entered into upon valid consideration. Further, there is credible evidence before the Court that the parties entered into the Separation Agreement voluntarily and without duress. Defendant has failed to prove by clear and convincing evidence that the Separation Agreement was unconscionable.

The Court will enter a sketch final decree proposed by plaintiff which adheres to the statutory language of § 20–109.1 for incorporation of a valid separation agreement.